UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BOBBY DEAN PERRY                                    CIVIL ACTION

VERSUS                                             NO. 11-382

MICHAEL J. ASTRUE, COMMISSIONER                    SECTION "B" (2)
OF SOCIAL SECURITY ADMINISTRATION


## ORDER ON MOTIONS; REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and Local Rule 73.2(B).  Plaintiff, Bobby Dean Perry, appearing pro se and in

forma pauperis and using a one-page form complaint, seeks judicial review pursuant to

Section 405(g) of the Social Security Act (the "Act") of an unspecified decision of the

Commissioner of the Social Security Administration (the "Commissioner").  Record Doc.

No. 2.  During the course of this civil action, it has become clear that two separate

decisions of the Commissioner are at issue.

The first decision at issue concerns plaintiff's August 31, 1988 application for

supplemental security income benefits ("SSI") under Title XVI of the Act.  42 U.S.C. §§

405(g), 1381a.  The application was granted, and Perry received benefits for several

years.  After the Commissioner conducted a continuing disability review and determined

on June 18, 1996 that she was no longer eligible for benefits, Perry requested and

received a hearing before an Administrative Law Judge ("ALJ").  On June 11, 1998, the

ALJ affirmed the decision. Perry appealed to the Appeals Council on August 3, 1998, and the Appeals Council denied the request for review on December 9, 1999.[1]

The second decision at issue granted plaintiff's August 13, 2009 application for SSI.  On January 6, 2011, the Commissioner determined that Perry is disabled and "met the medical requirements to receive SSI."  Defendant's Exhibit 1 to declaration under penalty of perjury of Marian Jones, Chief of Court Case Preparation and Review Branch 4, Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration, Record Doc. No. 9-3 at p. 4 of 10.  On February 24, 2011, the agency sent a Notice of Award informing Perry that it had reviewed the non-medical requirements for SSI and that she was eligible to receive SSI benefits as of September 2009, but "we are withholding part of your payment to get back money that you were overpaid."  Defendant's Exhibit 1, Record Doc. No. 9-3 at pp. 4-5 of 10.

Because Perry's initial pro se pleadings were not clear regarding which decisions she is appealing, the progress of this case has been lengthy.  The parties filed various motions and supplemental memoranda, and their briefing deadlines were extended several times.  After I conducted oral argument on two motions on August 31 and

---

[1]There is no evidence in the record regarding any of the dates related to the 1998 decision.  The dates are taken from the parties' memoranda and statements during oral argument. Although defendant at one point contended that Perry had not appealed the 1998 decision to the Appeals Council, defendant corrected that misstatement in a later memorandum.  The dates, as corrected, are not disputed.

October 19, 2011, and the parties submitted additional motion papers and supporting documents, it is now clear that Perry is trying to appeal the 1998 unfavorable decision that terminated her benefits. However, the parties have also briefed defendant's argument that this case should be dismissed to the extent it concerns the January 6, 2011 favorable decision with partial withholding of benefits. Therefore, my report and recommendation addresses plaintiff's complaint regarding both the Commissioner's 1998 unfavorable and 2011 favorable decisions.

I.    PENDING MOTIONS AND PROCEDURAL HISTORY

There are three pending motions in this action: (1) Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Record Doc. No. 9; (2) Plaintiff's Motion to Compel/Produce Documents and the Declaration With Attached Exhibits and Materials Outside the Pleadings, Record Doc. No. 12; and (3) Plaintiff's Motion to Continue (the portion of the motion requesting "to have records that are stored at SSA OAO Megasite . . . released to her"), Record Doc. No. 26.

In his Motion to Dismiss for Lack of Subject Matter Jurisdiction, defendant argues that this court lacks subject matter jurisdiction over the January 6, 2011 decision because there has been no "final decision" by the Commissioner, as required to vest this court with authority to review the decision. Record Doc. No. 9. During oral argument on October 19, 2011, Perry admitted that she has <u>not</u> exhausted her administrative remedies

regarding this decision and stated that her administrative appeal of the agency's decision to withhold some of her SSI payments is still pending.

Plaintiff's Motion to Compel/Produce Documents and the Declaration with Attached Exhibits and Materials Outside the Pleadings seeks to compel defendant to produce plaintiff's complete Social Security file to her. She argues that she cannot proceed in this matter without the records. She also requests in this motion that the court "dismiss" defendant's motion to dismiss, which the court has construed as an opposition memorandum. Record Doc. No. 12.

The Commissioner filed a timely memorandum in opposition to plaintiff's motion to compel. He reiterates his argument that this matter is not ripe for judicial review and should be dismissed for Perry's failure to exhaust administrative remedies as to the January 6, 2011 decision. Record Doc. No. 14.

Oral argument was held on these two motions on August 31, 2011. I deferred a decision on both motions and ordered the parties to confer to clarify the claims that Perry brings in this action and the scope and status of defendant's production of the requested records to her. I also ordered defendant to file in the record a sworn verification that he has produced to plaintiff all relevant records in his possession, custody and control, together with a supplemental memorandum in support of his motion to dismiss, reporting on the outcome of the parties' discussions and asserting any additional arguments in light

of plaintiff's clarification of her claim. I gave plaintiff additional time to file a memorandum in response to defendant's supplemental memorandum, once it was filed. Record Doc. No. 21.

The next day, Perry filed a written memorandum in opposition to defendant's motion to dismiss and in support of her motion to compel. She contends that the Commissioner still had not produced to her all records of proceedings regarding her first application for SSI. She states that she had received benefits based on this application from 1989 until 1998, when she had a hearing before an ALJ and her benefits were terminated. She argues that she appealed the ALJ's decision, but that "I fell out of contact with the world for a while" due to severe diabetes and depression and, as a result, "I did not file the appropriate appeals in a timely manner." Record Doc. No. 23.

As ordered, the Commissioner filed a supplemental memorandum. Record Doc. No. 24. To rebut Perry's contentions in her motion to compel and subsequent memoranda and oral argument regarding defendant's alleged failure to produce all available records to her, defendant provided the declaration under penalty of perjury of Sharon K. Ward, Program Expert with the Dallas Regional Office's Center for Disability for the Social Security Administration. Ward affirms that the agency has produced to Perry her entire available administrative record as of June 30, 2011. Ward acknowledges that Perry filed disability applications before 2009, but states that the agency does not

permanently retain all documents from prior claims. Ward states that any records regarding plaintiff which had been stored in New Orleans before September 1, 2005 were destroyed by Hurricane Katrina. Record Doc. No. 24-1, Defendant's Exh. A, Ward's declaration under penalty of perjury.

The Commissioner again argues in his supplemental memorandum that the court does not have subject matter jurisdiction over Perry's August 13, 2009 application for benefits because she did not exhaust her administrative remedies regarding the January 6, 2011 favorable decision on that application and the agency's February 24, 2011 notice that it would withhold 10 percent of the SSI payments to recover prior overpayments to Perry. In response to Perry's clarified claim that she is trying to appeal the termination of her benefits in 1998, defendant argues that Perry did not exhaust her administrative remedies because she failed to appeal the ALJ's decision to the Appeals Council. Defendant also contends that Perry's alleged incapacity does not demonstrate any "rare and exceptional circumstances" to invoke equitable tolling regarding her failure to appeal the ALJ's decision between December 9, 1999 and June 25, 2002, when she filed a new application for benefits. He asserts that Perry's mental incapacity, if any, must have ended by June 25, 2002.

Plaintiff filed a motion for continuance, Record Doc. No. 26, which was granted as unopposed to the extent she requested more time to respond to defendant's

supplemental memorandum. The court gave the Commissioner an opportunity to file a written response to Perry's request in the same motion "to have records that are stored at SSA OAO Megasite . . . released to her." Record Doc. No. 27.

Defendant filed a timely response to plaintiff's motion. Record Doc. No. 28. The Commissioner cites the agency's retention policy, under which files for SSI claims that were denied or terminated are destroyed five years after the final denial. He states that he conducted an additional search and that the OAO Megasite has no records regarding Perry's 1988 application for SSI. The Commissioner apologized for stating incorrectly in his previous supplemental memorandum that plaintiff had not appealed the ALJ's 1998 unfavorable decision to the Appeals Council. He now says that Perry appealed that decision to the Appeals Council on August 3, 1998 and the Appeals Council denied the request for review on December 9, 1999, at which time the ALJ's decision became the final decision of the Commissioner. Based on this corrected information, defendant argues that this court should dismiss Perry's claim for lack of subject matter jurisdiction because she did not appeal that final decision to the district court within the 60-day deadline. The Commissioner reiterates that plaintiff has failed to establish that her alleged incapacity entitled her to continuous equitable tolling from December 9, 1999 to June 25, 2002, or later.

Perry filed another memorandum in opposition to defendant's motion to dismiss. Record Doc. No. 29. She states that she is submitting to the court some documents she recently obtained in support of her contention that she was unable to appeal the Appeals Council's December 9, 1999 decision, and that good cause exists to extend her deadlines and allow her to appeal that decision now. However, no documents were attached to her memorandum.

At the hearing before me on October 19, 2011, plaintiff presented the exhibits that had been omitted from her previous written submission. I directed the Clerk of Court to file these in the court's record as an attachment to Record Doc. No. 29, her most recent opposition to defendant's motion to dismiss. Record Doc. No. 33. Perry later obtained another exhibit, which has also been filed in the record. Record Doc. No. 34.

Perry and the Commissioner have now had ample opportunity to present their arguments and documents in support of and opposition to each pending motion. In addition to all of plaintiff's written submissions, I have considered her oral statements during both hearings as part of her opposition to defendant's motion to dismiss and in support of her motion to compel.

II.   <u>PLAINTIFF'S MOTIONS TO COMPEL ARE DISMISSED AS MOOT</u>

The Commissioner has proffered uncontroverted evidence that he has produced to Perry <u>all</u> of the records that are available regarding her 1988 and 2009 applications for SSI.  Defendant cannot produce records that no longer exist.

Accordingly, IT IS ORDERED that Plaintiff's Motion to Compel/Produce Documents and the Declaration With Attached Exhibits and Materials Outside the Pleadings, Record Doc. No. 12, and the portion of Plaintiff's Motion to Continue requesting "to have records that are stored at SSA OAO Megasite . . . released to her", Record Doc. No. 26, are DISMISSED AS MOOT.

III.   <u>DEFENDANT'S MOTION TO DISMISS SHOULD BE GRANTED</u>

A.   <u>Standards of Review</u>

The Commissioner moved to dismiss both of plaintiff's claims under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  Because this court is one of <u>limited</u> jurisdiction, <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1945 (2009), Rule 12(b)(1) requires dismissal of a complaint if the court lacks jurisdiction over the subject matter of plaintiff's claim.

Motions filed under Rule 12(b)(1)

allow a party to challenge the subject matter jurisdiction of the district court to hear a case.  Lack of subject matter jurisdiction may be found in any one of three instances:  (1) the complaint alone; (2) the complaint supplemented

> by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.
>
> The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist.

Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted); accord Randall D. Wolcott, M.D., P.A. v. Sebelius, 635 F.3d 757, 762-63 (5th Cir. 2011); Johnson v. Aramco Servs. Co., 164 F. App'x 469, 470 (5th Cir. 2006).

"A Rule 12(b)(1) motion should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." Davis v. United States, 597 F.3d 646, 649 (5th Cir. 2009) (quotation omitted).

A factual attack on subject matter jurisdiction, such as the one presented by the Commissioner's motion to dismiss, challenges the existence of jurisdiction by looking beyond the pleadings. In reviewing a factual attack, the court may consider testimony and affidavits outside the pleadings. Tatum v. United States, No. 11-506, 2011 WL 3205279, at *1 (E.D. La. July 27, 2011) (citing Oaxaca v. Roscoe, 641 F.2d 386, 391 (5th Cir. 1981); Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981)); McKinley ex rel. D.M. v. Astrue, No. 10-321, 2010 WL 2836140, at *1 (E.D. La. July 16, 2010) (citing Garcia v. Copenhaver, Bell & Assocs., 104 F.3d 1256, 1261 (11th Cir. 1997); Clark v. Tarrant County, 798 F.2d 736, 741 (5th Cir. 1986)).

If the court resolves disputed facts to decide whether it has subject matter jurisdiction, "no presumptive truthfulness attaches to the plaintiff's allegations." <u>Montez v. Dep't of Navy</u>, 392 F.3d 147, 149 (5th Cir. 2004); <u>accord</u> <u>In re Nighthawk Oilfield Servs., Ltd.</u>, No. H-11-0079, 2011 WL 2940703, at *1 (S.D. Tex. July 18, 2011); <u>Deschoolmeester v. Cartus Corp.</u>, No. 10-1538, 2011 WL 1312048, at *3 (E.D. La. Mar. 31, 2011).

Rule 12(b)(1) applies to defendant's motion to dismiss Perry's claim regarding the January 6, 2011 favorable decision, based on her failure to exhaust her administrative remedies. The Commissioner also argues in his supplemental memorandum that Perry's claim regarding the ALJ's unfavorable decision on June 11, 1998 should similarly be dismissed for lack of subject matter jurisdiction because plaintiff failed to file it within 60 days of receipt of the Appeals Council's denial of review.

However, the requirement that a civil action be filed within 60 days of a final decision "is not jurisdictional, but rather constitutes a period of limitations." <u>Bowen v. City of N.Y.</u>, 476 U.S. 467, 478 (1986); <u>accord</u> <u>Fletcher v. Apfel</u>, 210 F.3d 510, 513 (5th Cir. 2000). Therefore, defendant's motion to dismiss this claim, which relies on evidence outside the pleadings, is converted to a motion for summary judgment under Fed. R. Civ. P. 56. Plaintiff had ample opportunity to present all of her evidence and arguments in opposition to defendant's motion. Defendant has not objected to any of her evidence,

and the court has considered everything that she has submitted as if it were sworn, certified or otherwise competent summary judgment evidence.

Under Rule 56, "[a] party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

As revised effective December 1, 2010, Rule 56 establishes new procedures for supporting factual positions:

> (1) A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
> (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
> (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.
> (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that

would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c).

Thus, the moving party bears the initial burden of identifying those materials in the record that it believes demonstrate the absence of a genuinely disputed material fact, but it is not required to negate elements of the nonmoving party's case. Capitol Indem. Corp. v. United States, 452 F.3d 428, 430 (5th Cir. 2006) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "[A] party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to [a particular material] fact." Advisory Committee Notes, at 261.

A fact is "material" if its resolution in favor of one party might affect the outcome of the action under governing law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). No genuine dispute of material fact exists if a rational trier of fact could not find for the nonmoving party based on the evidence presented. Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd., 40 F.3d 698, 712 (5th Cir. 1994).

To withstand a properly supported motion, the nonmoving party who bears the burden of proof at trial must cite to particular evidence in the record to support the essential elements of its claim. Id. (citing Celotex, 477 U.S. at 321-23); accord U.S. ex

13

rel. Patton v. Shaw Servs., L.L.C., 418 F. App'x 366, 371 (5th Cir. 2011). "[A] complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial." Celotex, 477 U.S. at 323; accord U.S. ex rel. Patton, 418 F. App'x at 371.

"Factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists." Edwards v. Your Credit, Inc., 148 F.3d 427, 432 (5th Cir. 1998); accord Murray v. Earle, 405 F.3d 278, 284 (5th Cir. 2005). "We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." Badon v. R J R Nabisco Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quotation omitted) (emphasis in original). "Conclusory allegations unsupported by specific facts . . . will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations . . . to get to a jury without any "significant probative evidence tending to support the complaint."'" Nat'l Ass'n of Gov't Employees, 40 F.3d at 713 (quoting Anderson, 477 U.S. at 249).

"Moreover, the nonmoving party's burden is not affected by the type of case; summary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation

14

omitted) (emphasis in original); <u>accord</u> <u>Duron v. Albertson's LLC</u>, 560 F.3d 288, 291 (5th Cir. 2009).

B.    <u>The Undisputed Facts</u>

Therefore, in deciding defendant's motion to dismiss and for summary judgment on both of plaintiff's claims, the court considers plaintiff's complaint supplemented by the following facts, which are accepted as undisputed solely for purposes of the pending motion to dismiss and for summary judgment.

To the extent that Perry asserts any claim regarding the Commissioner's favorable January 6, 2011 decision awarding her SSI but withholding part of her payments, she admittedly has not exhausted her administrative remedies.

On June 11, 1998, an ALJ affirmed the Commissioner's decision to terminate plaintiff's benefits.  Perry appealed the ALJ's decision to the Appeals Council, which denied her request for review on December 9, 1999.  Although that decision was then final, she did not appeal it to any federal district court.  It remains disputed whether her alleged mental and physical incapacity to file a civil action within the deadline justifies equitable tolling of that deadline until the filing date of the instant action in February 2011.

C.    The January 6, 2011 Favorable Decision

The Commissioner's motion to dismiss should be granted as to any claim that Perry makes in this action regarding the agency's January 6, 2011 favorable decision and the February 24, 2011 Notice of Award advising her that partial payments would be withheld.  Only "final decisions" of the Commissioner are subject to judicial review. Califano v. Sanders, 430 U.S. 99, 107-08 (1977); Brandyburg v. Sullivan, 959 F.2d 555, 559 (5th Cir. 1992).  "A 'final decision' is a particular type of agency action, and not all agency determinations are final decisions."  Bacon v. Sullivan, 969 F.2d 1517, 1519 (3d Cir. 1992) (citing Sanders, 430 U.S. at 107-08).

Section 405(g) of the Act provides:  "Any individual, after any final decision of the Secretary made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."  42 U.S.C. § 405(g) (emphasis added).  Section 405(h) provides: "The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing.  No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided."  Id. § 405(h) (emphasis added).

"Judicial review is limited by [42 U.S.C. § 405(h)] to the procedures set forth in the Act.  Thus, whether there is jurisdiction depends on whether the actions of the SSA amount to a final decision after a hearing by the [Commissioner] under section [405(g)]." Harper by Harper v. Bowen, 813 F.2d 737, 739 (5th Cir. 1987); accord United States v. Lahey Clinic Hosp., Inc., 399 F.3d 1, 14 (1st Cir. 2005); Speights v. Barnhart, No. 04-003-D-M3, 2004 WL 3331910, at *2 (M.D. La. Nov. 30, 2004), report & recommendation adopted, 2004 WL 3354861 (M.D. La. Dec. 27, 2004).

> A "final decision" results only after the claimant has exhausted his administrative remedies.  To satisfy the exhaustion requirement, a claimant must first file a claim for social security benefits.  See 20 C.F.R. § 416.305. The agency then issues an initial determination either granting or denying the claim.  See id. §§ 416.1404 to 416.1405.  Within 60 days of receiving notice of an initial determination, the claimant must file a request for reconsideration.  See id. §§ 416.1407 to 416.1422.  The Commissioner of Social Security reviews the claim again and issues a reconsidered determination.  Id. § 416.1420.  After obtaining an adverse determination on reconsideration, a dissatisfied claimant may request an evidentiary hearing before an administrative law judge.  See id. §§ 416.1429 to 416.1461.  If the claimant objects to that decision, he may appeal to the Appeals Council.  See id. §§ 416.1467 to 416.1481.  Only after the Appeals Council issues a final decision may the claimant seek judicial review in federal district court.

Walker v. Astrue, No. 7:10-CV-152-O-BD, 2011 WL 725651, at *1 (N.D. Tex. Feb. 7, 2011), report & recommendation adopted, 2011 WL 744149 (N.D. Tex. Feb. 28, 2011) (also citing Mamon v. Soc. Security Admin., 24 F.3d 239, 1994 WL 243277, at *1 (5th

Cir. 1994); Thibodeaux v. Bowen, 819 F.2d 76, 79 (5th Cir. 1987); LeJeune v. Matthews, 526 F.2d 950, 952 (5th Cir. 1976)) (emphasis added).

Perry has not submitted any evidence to carry her burden to prove that this court has subject matter jurisdiction over the Commissioner's January 6, 2011 notice that she met the medical requirements to receive SSI or the February 24, 2011 notice that part of her SSI payments would be withheld. Indeed, Perry admitted to the court during oral argument on August 31, 2011 that she has not exhausted her administrative appeal of the Commissioner's decision to withhold some of her SSI payments. Neither of these notifications from the Commissioner was a "final decision" as defined by the Act.

Therefore, this court lacks subject matter jurisdiction to review the Commissioner's notices regarding Perry's August 13, 2009 application, unless this is one of those "rare instances" when plaintiff states a colorable constitutional claim. Sanders, 430 U.S. at 109; Byam v. Barnhart, 336 F.3d 172, 179-80 (2d Cir. 2003); Brandyburg, 959 F.2d at 561-62. Perry has made no such allegations, nor can I conceive of any. Accordingly, defendant's motion to dismiss plaintiff's claim based on her August 13, 2009 application for SSI, to the extent she asserts such a claim in this action, should be granted.

The Commissioner seeks dismissal of this claim with prejudice. However, dismissal for lack of subject matter jurisdiction is usually without prejudice because it

is not a decision on the merits, and plaintiff would be free to pursue her claim in another forum or at another appropriate time when the court would have jurisdiction.  Atkins v. Kempthorne, 353 F. App'x 934, 937 (5th Cir. 2009) (citing Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994)); Tinoco v. Marine Chartering Co., 311 F.3d 617, 623 (5th Cir. 2002); Ramming, 281 F.3d at 161; McKinley ex rel. D.M., 2010 WL 2836140, at *1 (citing Hitt v. City of Pasadena, 561 F.2d 606, 608 (5th Cir. 1977)).  Dismissal of this claim for lack of subject matter jurisdiction in these circumstances should be without prejudice.  Metko v. Soc. Security Admin., 362 F. App'x 870, 871 (9th Cir. 2010); Jones v. Barnhart, 138 F. App'x 830, 831 (7th Cir. 2005); Atkins, 353 F. App'x at 937; Walker, 2011 WL 744149, at *1; Session v. Astrue, No. 3:09-CV-1564-G, 2009 WL 3458653, at *2 (N.D. Tex. Oct. 26, 2009).

      D.     The June 11, 1998 Unfavorable Decision

The crux of this case is Perry's request to reopen the ALJ's June 11, 1998 decision terminating her SSI benefits, so that she might appeal it now.  She appealed the ALJ's decision to the Appeals Council, which denied her request for review on December 9, 1999.  Under the authorities cited in the preceding section, the ALJ's decision became final for purposes of this court's review on December 9, 1999.

Plaintiff had 60 days from the date she received the Appeals Council's denial to file an appeal in federal district court or seek an extension of the filing deadline from the

Commissioner. 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c); <u>Bowen</u>, 476 U.S. at 478;

<u>Fletcher</u>, 210 F.3d at 513.

Perry concedes that she did not timely file a civil action or request an extension of time, but argues that her delay should be excused because "I fell out of contact with the world for a while" due to severe diabetes and depression, Record Doc. No. 23, which rendered her "severely disabled." Record Doc. No. 29. At oral argument before me on October 19, 2011, Perry stated that she was not lucid, did not know what was happening and "was not in a right state of mind" because of psychogenic and physical problems from the date of the Appeals Council's denial of review in December 1999 until some time in 2002. She told the court that she was in a right state of mind for about a month in 2002, then she became depressed again. Plaintiff said she fell out of her right state of mind from June 28, 2002 until after Hurricane Katrina (which made landfall on August 29, 2005), and she recovered her right state of mind when she was in a Veterans' Administration hospital in Nashville in 2006. Perry stated that she tried to appeal the ALJ's 1998 decision in 2006, but was told by the Social Security Administration in Nashville that she could not appeal it. Perry said she filed a new claim in 2008, which was denied, and another new claim on August 13, 2009, which was granted in January 2011.

Section 405(g) of the Act is "a limitations provision to which equitable tolling would be applicable." Myer v. Chater, 99 F.3d 1134, 1999 WL 595595, at *2 (5th Cir. 1996); accord Flores v. Sullivan, 945 F.2d 109, 113 (5th Cir. 1991) (citing Bowen, 476 U.S. at 480). This civil action is time-barred on its face unless equitable tolling applies to extend the limitations period through February 16, 2011, when Perry filed the instant complaint. Perry contends that she was mentally and physically incapable of filing an appeal or seeking an extension of time within the 60-day deadline after receiving the December 9, 1999 denial of review and that her incapacity constitutes good cause for reopening the decision to allow her to appeal it now. Perry has submitted several documents in support of her argument that she was incapacitated during the relevant time period. Record Doc. Nos. 29, 33, 34.

Plaintiff cites the Commissioner's regulations that require a claimant to establish "good cause" when requesting an extension of any deadline, including the deadline to file an appeal in a federal district court. See 20 C.F.R. § 405.20(a) ("If you want us to extend the deadline to request administrative or judicial review, you must establish that there is good cause for missing the deadline."); id. § 405.20(b)(2) (Good cause exists if the claimant "had a physical, mental, educational, or linguistic limitation(s) that prevented you from filing a timely request . . . ."). However, the Fifth Circuit has held that the Commissioner's filing of a motion to dismiss in an untimely civil action constitutes his

"inferential denial" of an untimely request to extend the filing deadline based on allegations of good cause. Myer, 1996 WL 595595, at *3 n.2; Barrs v. Sullivan, 906 F.2d 120, 122 (5th Cir. 1990). Therefore, I construe plaintiff's argument as contending that, because of her alleged physical and mental incapacity during the relevant time period, the judicial doctrine of equitable tolling applies to excuse her untimely filing of the instant action.

"[T]he doctrine of equitable tolling permits courts to deem filings timely where the litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'" Harris v. Astrue, 3:11CV-00026-NBB-JMV, 2011 WL 3740770, at *3 (N.D. Miss. Aug. 4, 2011) (quoting Torres v. Barnhart, 417 F.3d 276, 282 (2d Cir. 2005) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005))).

"Equitable tolling is to be applied 'sparingly.' The plaintiff has the burden to provide justification for equitable tolling." Granger v. Aaron's, Inc., 636 F.3d 708, 712 (5th Cir. 2011) (quoting Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002); Wilson v. Sec'y, Dep't of Veterans Affairs, 65 F.3d 402, 404 (5th Cir. 1995)).[2]

---

[2]Although Granger, Morgan, Wilson and Baldwin County Welcome Center v. Brown (cited in the next paragraph) were decided under federal anti-discrimination law embodied in Title VII, 42 U.S.C. § 2000e–5(e)(1), cases interpreting Title VII are relevant to Social Security cases by analogy. Flores, 945 F.2d at 112.

In general, equitable tolling is appropriate if notice was inadequate, if the plaintiff was awaiting court action on a motion, if the court led plaintiff to believe he had done everything required of him, or if affirmative misconduct on the part of the defendant lured plaintiff into inaction. Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984). In social security appeals, courts also invoke the doctrine when there is evidence of (a) bias on the part of the administrative law judge, (b) statutory or constitutional challenges to agency regulations and procedures, and (c) illegal or secretive actions by the agency that prevent claimants from knowing a violation of their rights has occurred.

Parrott v. Comm'r SSA, No. 9:95-CV-256, 1995 WL 750152, at *3 (E.D. Tex. Dec. 14, 1995), report & recommendation adopted, 914 F. Supp. 147 (E.D. Tex. 1996) (footnotes and additional citations omitted).

I have reviewed all of plaintiff's submissions and considered her statements at oral argument. For the following reasons, I find that Perry has failed to carry her evidentiary burden to establish, as a matter of undisputed material fact, that her alleged mental and physical incapacity warrant equitable tolling of the 60-day filing deadline for more than 11 years from December 9, 1999 until February 16, 2011, when she filed the instant action. First, the medical and other records she has submitted that are dated from 1996 through October 18, 1999 are not relevant to the time period after the Appeals Council denied review on December 9, 1999. Record Doc. Nos. 29, 34.[3] Even if they were

_____

[3]Perry has identified herself to this court as a transgendered woman. The medical and other records she has submitted identify her as male at that time.

relevant, they do not in any way establish that Perry was so incapacitated, mentally or physically, that she could not have filed a timely appeal or sought an extension of time to do so after receiving the Appeals Council's notice.

Second, the records Perry has submitted that are dated after December 9, 1999 through April 26, 2005 do not support her allegations of mental and physical incapacity so severe that she could not comply with the deadline. A single-page, checklist-type form Mental Health Assessment Record dated June 26, 2002, unsigned by any medical provider and unsupported by any treatment records, merely lists Perry's diagnosis of "major depressive order, recurrent, unspecified," and some "current problems," including "mood problems/depression" and an unspecified "severe impairment." The same form includes a notation that Perry had a Global Assessment of Functioning ("GAF") score of 55. Record Doc. No. 29-1 at p. 2. A GAF score in the 51 to 60 range indicates only "moderate symptoms," such as a flat affect, or "moderate difficulty in social or occupational functioning." Langley v. Barnhart, 373 F.3d 1116, 1122 n.3 (10th Cir. 2004) (quoting American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 32, 34 (Text Revision 4th ed. 2000)). This record in no way establishes a severe mental disability sufficient to apply equitable tolling.

The apparent notes of a counselor with Louisiana Rehabilitation Services dated June 25 through July 8, 2002 contain no indication that Perry was incapacitated from

filing a civil action or asking for an extension of time to file. According to the notes, plaintiff stated that she could get transportation to the Social Security office to re-apply for benefits, but could not get transportation to the counselor's office. Perry was able to communicate with the counselor and with her pharmacy, to gather medication records from the pharmacy and to meet with the counselor at a coffee shop. Perry had passing grades at Loyola University, intended to attend school in the fall and was due to complete those studies in December 2002. Record Doc. No. 29-2 at pp. 35-36. Far from supporting plaintiff's allegations of severe mental and physical incapacity, these records indicate her ability at that time to go to the Social Security office and file whatever was necessary to reopen and appeal the Commissioner's 1998 decision.

According to defendant's memoranda filed in this case, Perry filed an application for SSI on June 25, 2002. If she was capable of filing a new application for SSI, she was also capable of asking the Commissioner for an extension of time, even if for some reason she could not file a civil action. Even if the deadline was tolled prior to that date, which plaintiff has not established, such tolling ended at least by June 25, 2002. Her filing of a civil action after that date is time-barred.

In similar circumstances, courts in the Fifth Circuit have concluded that equitable tolling was not established. In Harris, plaintiff submitted medical records in which her treating physician opined that she was a "severe diabetic" and had a "mental problem."

Harris, 2011 WL 3740770, at *3.  The court held that, "while these records indicate that the plaintiff may have suffered from certain mental and physical conditions, nothing contained in them supports a conclusion that the plaintiff's condition was 'so deficient as to excuse [her] from complying with the limitations period.'"  Id. at *4 (citing Barrs, 906 F.2d at 122); see Barrs, 906 F.2d at 121-22 (Plaintiff's allegation that "he 'seems to have brain damage,'" unsupported by medical documentation, was insufficient to toll 60-day filing deadline for more than nine months.)

Third, even if the court accepted as undisputed plaintiff's allegations that she was not in a "right state of mind" from December 1999 through all of 2002 and thereafter, and that her less than fully capable state of mind was sufficient to toll the limitations period, she told the court that she recovered her right state of mind while in Nashville in 2006. She said she tried to file an appeal of the 1998 decision with the Social Security Administration at that time and was told that she could not do so.  If she was able to go to the Social Security Administration and was admittedly in her right state of mind in 2006, she could have filed a civil action to appeal the 1998 decision, but she did not.  She has not produced any evidence that the limitations period should be tolled for any reason after she recovered her right state of mind in 2006.  Thus, even under plaintiff's best case scenario, her filing of a civil action after 2006 is time-barred.

The Fifth Circuit has repeatedly noted that "'equity is not intended for those who sleep on their rights.'  Simply stated, this is not one of those rare cases 'where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate.'  Hence, equitable tolling is not available to excuse [plaintiff's] untimely filing of the instant action." Smith v. Barnhart, 338 F. Supp. 2d 761, 765 (S.D. Tex. 2004) (quoting Bowen, 476 U.S. at 480; Covey v. Ark. River Co., 865 F.2d 660, 662 (5th Cir. 1989)) (citing Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999); Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999)); accord Lewis v. Barnhart, 73 F. App'x 715, 717 (5th Cir. 2003).

None of the factors that would justify equitable tolling previously recognized in reported decisions are present in this case.  Perry received notice of the Appeals Council's decision, was clearly advised of the deadline for filing this action and was not prevented by any circumstance from filing on time or seeking an extension of the filing deadline.  Even if Perry had produced evidence of undisputed facts sufficient to toll the limitations period until 2006, she has not offered any evidence that equitable tolling should apply after that date.  Because Perry did not file the instant action until February 16, 2011, more than four years after any conceivable tolling period ended, this action is time-barred.  Defendant's motion for summary judgment regarding the Commissioner's 1998 final decision should be granted with prejudice.

## RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that plaintiff's complaint be DISMISSED WITHOUT PREJUDICE to the extent she seeks to challenge the Commissioner's January 6, 2011 notice that she met the medical requirements to receive SSI or the February 24, 2011 notice that part of her SSI payments would be withheld.

IT IS FURTHER RECOMMENDED that plaintiff's complaint be DISMISSED WITH PREJUDICE to the extent it seeks to reopen and appeal the Commissioner's June 11, 1998 decision.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v.</u>

_United Servs. Auto. Ass'n_, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[4]

New Orleans, Louisiana, this ___6th___ day of January, 2012.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[4]_Douglass_ referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.